873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Annie Wilhelmina Alston MONTGOMERY, Appellant,
v.
AMERICAN LEBANESE SYRIAN ASSOCIATION CHARITIES, Appellee.
 No. 89-1135.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1989.
 
 Before RICH, NIES and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Commissioner of Patents and Trademarks has submitted a letter stating that Annie Wilhelmina Alston Montgomery's appeal is not timely. Montgomery has not responded. The court, sua sponte, considers whether dismissal is proper.
 
 
 2
 A final decision was entered in Montgomery's cancellation proceeding by the Trademark Trial and Appeal Board on July 14, 1988. A decision denying Montgomery's request for reconsideration was entered on August 31, 1988. A notice of appeal was thus due on or before September 30, 1988. See 15 U.S.C. Sec. 1071(a)(2); 37 CFR Sec. 2.145(d)(1) (if a motion for reconsideration is timely filed after a final decision, then the time for filing a notice of appeal is 30 days after action on the motion for reconsideration or 60 days after the final decision, whichever is later). A notice of appeal was filed with the Patent and Trademark Office (PTO) on October 31, 1988.
 
 
 3
 In his letter, the Commissioner states that on September 28, 1988, the PTO received a letter styled "Request" from Montgomery seeking a suspension of the September 30, 1988 deadline for filing a notice of appeal. The "Request" did not identify or refer to any proceeding. On September 30, the Commissioner issued a Decision Denying Request:
 
 
 4
 The document asks for "suspension" of the September 30, 1988, deadline for filing notice of appeal. This request is denied for several independent reasons. First, the document fails to specify the proceeding in which the "suspension" is requested. 37 C.F.R. Secs. 1.5, 2.1. Second, the document is a petition to the Commissioner and is not accompanied by the $100.00 fee required by the rules. 37 CFR Sec. 2.6(k). Third, no reasons are presented why a suspension should be granted or for how long the unidentified matter should be suspended. Fourth, if the matter is an inter partes matter, it is not apparent that the opponent has been served.
 
 
 5
 The Commissioner states in his letter that neither the "Request" nor the Commissioner's decision has been entered in the file and that he does not consider either to be part of the record in this appeal.
 
 
 6
 It is apparent from Montgomery's "Request" that she knew that a notice of appeal was due September 30. However, she waited until September 28 to file an extension request with the Commissioner. Even if the extension request had been proper in all respects, it was filed so close to the appeal deadline that it was incumbent upon Montgomery to have filed a "protective" notice of appeal in any event.
 
 
 7
 Montgomery's notice of appeal was 31 days late. Accordingly, the appeal should be dismissed.
 
 IT IS ORDERED THAT:
 
 8
 The court, sua sponte, dismisses Montgomery's appeal.